Bellacosa, J.
(dissenting). I dissent and vote to affirm the order upholding the judgment of conviction against defendant for sexual abuse, attempted rape and attempted sodomy against a child victim.
The court concludes that CPL 65.20 is constitutional, and with that I agree on the basis of the customary presumption and of the plain meaning and application of the statute itself.
The Legislature, spurred by empirical imperatives for the more effective prosecution of sex offenders against young children, fashioned a balanced procedure to allow vulnerable child witnesses to testify under special alternative circum *273 stances while safeguarding the confrontation rights of accuseds. The Trial Justice here, in an early application of the new procedure during its experimental period of operation, strained to be fair and to comply with the precise details of the statute. I believe he succeeded, for I detect within this record no error or reason warranting a retrial with this four-year-old victim (at the time of the crimes) having to recount yet another time the crimes committed against her by this defendant.
The Trial Justice put on the record his reasons for granting the article 65 application made during the trial. Faithfully adhering to the statute, he found that the by-then five-year-old witness was "physically unable” to speak in defendant’s presence and was "suffer[ing] from a severe mental or emotional harm” (see, CPL 65.20 [10]). These conclusions were rooted in the court’s personal and continuous observation of the witness during two hours of efforts to get her to speak from the courtroom witness stand, including efforts by the witness’s mother, whose entreaties in both English and Spanish were met with the child’s silence.
This court’s rationale and primary premise falter on careful analysis. The Trial Justice’s efforts and findings come to naught based on their characterization as "subjective”. First, I do not consider them to be error; second, clearly not reversible error; third, not anywhere near reversible error under the harmless error doctrine; and last, not solely subjective. They are, for example, less "subjective” than any trial court’s or fact-finder’s evaluation of witness demeanor, credibility or competency — matters which the law traditionally and comfortably consigns to the largely unfettered discretion of on-site and on-line evaluators.
Labeling the findings "subjective”, in any event, does not make them so. That word means "characteristic of or belonging to reality as perceived or known as opposed to reality as it is in itself or independent of mind” (Webster’s Third New International Dictionary 2275 [emphasis added]).
Here are the hard realities, observations and evidence supportable "in themselves” on the record and "independent of the mind” of the Trial Justice:
The five-year-old witness spent much of her two hours on the witness stand sucking her thumb and staring at the floor;
She nodded affirmatively to the question put to her whether she was in fear;
*274 She looked at defendant from the stand and manifested "reluctance”;
She relaxed and communicated when the prosecutor stood between her and the defendant;
- She did not acknowledge the Trial Justice’s greeting when she entered the courtroom;
The court sought to comfort the child and to test her reactions before allowing the article 65 testimonial procedure, including allowing the child’s mother to sit by her side on the witness stand, shifting the position of the witness chair and allowing the child to testify while sitting on an interpreter’s lap.
Despite all these efforts, the witness uttered not a word until she was allowed to testify by closed-circuit television away from the presence of the accused.
If these record matters are not realities and objective manifestations of vulnerability and severe emotional or mental harm satisfying the clear and convincing standard, I do not know what are and what will suffice, unless the court is functionally erecting a mini-trial requirement on those collateral issues of the child-victim’s psyche (contrast, the protections afforded sex crime victim witnesses in CPL 60.42). By the majority’s own test requiring "real evidence” (majority opn, at 265), in addition to the statutorily permitted trial court’s own observations, this victim and this case qualified for the remedial CPL article 65 procedure.
Moreover, a child psychologist testified after the child and after observing the child for two hours — the same amount of time the Trial Justice observed the child. I infer from the majority opinion that the statute would have been unquestionably satisfied if the psychologist had uttered talismanic words of the witness’s "vulnerability” and "severe mental or emotional” state. But those formalisms were not accomplished and the majority instead credits defense counsel’s objection that the "vulnerability” finding was based on " 'certain [of the child’s] body movements’ ” and defense counsel’s assertion that the Trial Justice "tailored” the findings to fit the new statute’s prerequisites (majority opn, at 257).
The practical paradox facing conscientious Trial Justices struggling to discharge their trial duties in this sensitive area is underscored by the acknowledgment that neither a hearing nor expert testimony is required under CPL 65.20 (10) (majority opn, at 265). Accepting that proposition for what it imports *275 as part of the evidentiary rubric, Trial Justices may be unable to appreciate what was done wrong here. I, too, have difficulty comprehending why the trial court’s weighing on this record of the objective manifestations of testimonial trauma and vulnerability of this five-year-old child, too terrorized to speak from the courtroom stand, is found to be insufficient as a matter of law and thus is reversible error.
Interestingly, far more "subjective” judicial determinations as to witness competency have been left "exclusively the responsibility of the trial court, subject to limited appellate review.” (People v Parks, 41 NY2d 36, 46.) If a witness is less than 12 years old, the child may not testify under oath "unless the court is satisfied that * * * the nature of an oath” is understood (CPL 60.20 [2] [emphasis added]). A child who cannot satisfy the court that the oath is understood "may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify [its] reception” (CPL 60.20 [2] [emphasis added]). The findings of a Trial Justice determining the competency of a witness deserve deference because of the unique trial level perspective and ability to observe first hand the crucial nuances (see, People v Parks, supra, at 46).
I see no reason in the present circumstances or record why that maxim should not apply to the ingredients of the article 65 procedure dealing with the child victim-witness’s psychological state for testimonial purposes. Surely, the trial court is in the superior position over any appellate court to make the necessary findings and to have them respected as long as there is record verification, which there is in this case. The determination to allow testimony from a child victim from an alternative location seems to me to be the minor premise to the major postulate that a child witness can testify in the first place and perhaps even without the usual witness’s oath.
The pertinent statute prescribes that [i]f the court is satisfied that the child witness is vulnerable * * * it may enter an order [pursuant to a pretrial motion] granting the application for the use of live, two-way closed-circuit television” (CPL 65.20 [11] [emphasis added]). That standard for deciding a pretrial motion applies with equal and perhaps greater force when the Trial Justice’s so-called "subjective” findings are based on firsthand courtroom observations and manifestations. The Trial Justice, in conformity with the statutory prescriptions, was satisfied based on observed concrete manifestations *276 of vulnerability and of severe emotional harm. He made explicit findings which in turn were implicitly affirmed in all respects within the unanimous affirmance, without opinion, at the Appellate Division.
Contrary to the negative finding that there is no evidence sufficient to support the central undisturbed findings of vulnerability and emotional trauma, I believe there is an ample evidentiary and reviewing basis to conclude that the statute’s prerequisites were fully satisfied, especially on the limited appellate basis allowed to us.
I would therefore affirm the order upholding the conviction.
Chief Judge Wachtler and Judges Simons, Kaye and Ti-tone concur with Judge Hancock, Jr.; Judge Alexander concurs in a separate opinion; Judge Bellacosa dissents and votes to affirm in another opinion.
Order reversed, etc.